833 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald GRIGGS, Defendant-Appellant.
 No. 86-6301.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1987.
 
 Before LIVELY, Chief Judge WELLFORD, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals his jury conviction of conspiracy to commit murder and argues that the evidence was insufficient in that there was no proof of an overt act following the formation of the conspiracy. Court-appointed counsel analyzed the evidence carefully and pointed out that the evidence could be construed as showing at most that the act principally relied upon by the government as satisfying the requirement of an overt act occurred simultaneously with the formation of the conspiracy. Nevertheless, this court concludes there was ample evidence of a conspiracy prior to a meeting on January 23, 1986 at which the defendant was paid $5,000 upon agreeing to go forward with the murder. In addition, there was a recorded telephone conversation in February 1986 which would serve to satisfy the requirement of an overt act in furtherance of the conspiracy.
 
 
 2
 The defendant also contends on appeal that he did not receive effective assistance of counsel at trial because trial counsel failed to object to testimony concerning the formation of the conspiracy that was allegedly hearsay. Nevertheless, the testimony involved statements of co-conspirators and this court concludes that it came within a recognized exception to the hearsay rule. United States v. Vinson, 606 F.2d 149 (6th Cir. 1979), cert. denied, 444 U.S. 1074 (1980); United States v. Enright, 579 F.2d 980 (6th Cir. 1978); Rule 801(d)(2)(E), Federal Rules of Evidence. Thus defendant's trial counsel did not deny defendant effective assistance of counsel by failing to object to this testimony.
 
 
 3
 The judgment of the district court is affirmed.